IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RENE SALCIDO GONZALEZ,<br><br>               Plaintiff,<br><br>v.<br><br>MIKE MILLER,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER STAYING CASE<br><br>Case No. 4:23-cv-00047-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court stays this case pending resolution of Plaintiff's criminal case.

## I.  BACKGROUND

Plaintiff brings this civil rights action alleging that Defendant Mike Miller, a Grand County Sherriff's deputy, violated his constitutional rights when Deputy Miller conducted a traffic stop and search that ultimately led to Plaintiff's arrest. Plaintiff was subsequently charged in this Court with possession of methamphetamine with intent to distribute.[1] In the underlying criminal case, Plaintiff has filed a motion to suppress, where he similarly argues that the stop and search were unlawful.[2] That motion has not yet been resolved, with oral argument scheduled for May 23, 2024.[3]

---

[1] Case No. 4:23-cr-00049-DN-PK.

[2] Docket No. 34, Case No. 4:23-cr-00049-DN-PK.

[3] Docket No. 39, Case No. 4:23-cr-00049-DN-PK.

## II.  DISCUSSION

The Supreme Court has suggested that when criminal charges related to a civil rights complaint are still pending, the proper procedure is for the Court to stay the civil rights action until the criminal proceedings have concluded.[4] The Court explained that "[i]f a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."[5]

Here, the exact issues at the core of Plaintiff's civil rights suit—the legality of the stop, search, and arrest—are currently being litigated in Plaintiff's criminal case. Because his claims directly relate to rulings that will be made in the pending criminal case, the Court finds it appropriate to stay this action until the conclusion of Plaintiff's criminal case.

---

[4] *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); *see also Heck v. Humphrey*, 512 U.S. 477, 487 n.7 (1994) (stating that "if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings"). A motion to stay civil proceedings is a nondispositive motion that may be addressed by a Magistrate Judge under 28 U.S.C. § 636(b)(1)(A). *See SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013); *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 13–14 (1st Cir. 2010). Therefore, the Court issues this Order rather than a Report and Recommendation.

[5] *Wallace*, 549 U.S. 393–94.

## III.  CONCLUSION

It is therefore

ORDERED that this case is stayed pending resolution of Plaintiff's criminal case. The Clerk of Court is directed to administratively close this case. The case may be reopened on motion by Plaintiff upon conclusion of his criminal case.

DATED this 6th day of May, 2024.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge